COMMONWEALTH *vs.* JOHN RYAN & another.

Hampshire.    September 15, 1891. — September 23, 1891.

Present: ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Robbery — Joint Indictment — Instructions to Jury.*

On an indictment for robbery against H. and R., it appeared that, as they were riding with the person robbed, H. seized the reins, stopped the wagon, and, jumping out, said, "We are two to one, so give us what you've got," meaning whiskey in such person's possession and being so understood; and that at the same time H. told R., who was riding behind, to hold the horse, which he did, and H. took the whiskey, and both drank from the bottle. H. was defaulted. The presiding judge refused a ruling requested by R., that he could not be convicted unless it was found that he participated by some act or word at the time in the assault or menace by which the person robbed was induced to give up his property, and instructed the jury that, if both defendants were engaged in a joint enterprise to rob such person, it was not necessary for both to do the acts of violence or of putting him in fear; it was enough if one did them, and the other was ready to assist and was aiding and abetting the one who did them in what he did; but that if R. "did not participate in the purpose of H., and had no purpose to rob, and did not join in the purpose, if he was not there to aid and abet, and if his seizing of the horse was not for that purpose, he is not to be found guilty." *Held,* that R. had no ground of exception.

INDICTMENT for robbery, against John Ryan and Cornelius Holloran. At the trial in the Superior Court, before *Bishop*, J., the defendant Holloran was defaulted; and Ryan, after a verdict of guilty, alleged exceptions, the substance of which appears in the opinion.

*T. G. Spaulding,* for Ryan.

*A. E. Pillsbury,* Attorney General, & *C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

HOLMES, J.    This is an indictment for robbery. According to the evidence for the prosecution, one Stockwell was driving a buckboard upon a country road, and carrying the two defendants, — Holloran by his side, Ryan at the hind end of the buckboard, — when Holloran snatched the reins, stopped the wagon, jumped out and stood in the road in front of him, and said, "We are two to one, so give us what you've got," meaning, and being understood to mean, a bottle of whiskey in Stockwell's possession. At the same time Holloran told Ryan to take the

horse by the head, and Ryan got off the buckboard and did so. Holloran took the whiskey, and he and Ryan drank from the bottle. The defendants were found guilty, and the case is before us on exceptions, the only ones argued being to the refusal of a ruling requested on behalf of Ryan, and to the instructions given in place of it.

The ruling asked was as follows: "If the jury find that Stockwell was put in fear by assault or menace, and was thereby induced to give up his property, Ryan cannot be convicted of the offence alleged, unless the jury also find that he participated in such assault or menace, by some act or word at the time." The instructions given were as follows: "If the defendants were engaged in a joint enterprise of going through Stockwell, it is not necessary that both of them should have done the acts of violence or the acts of putting in fear, if one of them did these acts and the other was present and ready to assist the one who did them, and was aiding and abetting the one who did them in what he did. But if Ryan did not participate in the purpose of Holloran, and had no purpose to rob, and did not join in the purpose, if he was not there to aid and abet, and if his seizing of the horse was not for that purpose, he is not to be found guilty."

The defendant's argument proceeds on the assumption that there is no evidence that Ryan was a party to putting Stockwell in fear until after the whiskey was taken from him. But the fact is otherwise. Holloran's declaration, in Ryan's presence, "We are two to one," imported a statement and threat to Stockwell that Ryan was there as an accomplice of the speaker, and was ready to help him in carrying out his designs. Ryan did not repudiate the statement, and did help in fact a moment afterwards. Even if his act of holding the horse was later than Holloran's taking the whiskey, the jury would have been warranted in finding that he made himself a party by not repudiating Holloran's threat on his behalf, if he had not done so before by a previous arrangement.

The objection urged to the instructions is that by implication they allowed the jury to find Ryan guilty if he seized the horse for the purpose of aiding and abetting Holloran, although that was after the taking, and even if he had not joined in what was

done before.   We do not think this a fair interpretation of what was said.   The words, "and if his seizing of the horse was not for that purpose," do not state a new and distinct condition for acquittal, so that, if his seizing was for that purpose, Ryan must be found guilty irrespective of anything else.   They are to be read as part of a single hypothesis, a part of which was that Ryan was not there to aid and abet.   If the prisoner feared that the language might mislead the jury, he should have called attention to it.   But we see no likelihood that it did so.

*Exceptions overruled.*